UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| FRANCISCO XAVIER HERREMAN AGUIRRE,<br><br>                Plaintiff,<br><br>    v.<br><br>HOLLY MARIE LOEZA,<br><br>                Defendant. | CASE NO. C19-5905 MJP<br><br>ORDER |
| HOLLY MARIE LOEZA,<br><br>                Plaintiff,<br><br>    v.<br><br>FRANCISCO XAVIER HERREMAN AGUIRRE,<br><br>                Defendant. | |

//

//

//

This matter comes before the Court on Plaintiff's Motion to Remand (Dkt. No. 16). Having read the Motion, the Response (Dkt. No. 22), and the Reply (Dkt. No. 23), the Court GRANTS Plaintiff's Motion.

**Background**

Plaintiff, a citizen and resident of Mexico, had a romantic relationship with Defendant, who is a United States citizen and resides in King County, Washington. (Dkt. No. 1, Ex. 1 ("FAC"), ¶¶ 1.1-1.2, 2.1.) Plaintiff claims that Defendant convinced him to buy two parcels of real property—one in King County, one in Pierce County—by making a number of misrepresentations, including that she was a licensed real estate agent at the time. (Id., ¶ 2.4.) On June 27, 2019, Plaintiff filed a complaint in King County Superior Court, and an amended complaint on July 29, 2019, alleging causes of action for partition, fraud and misrepresentation, negligent misrepresentation, the tort of outrage, quiet title, and declaratory judgment. (Dkt. No. 17, Declaration of Carlos Sosa ("Sosa Decl."), Ex. 3; FAC.) On September 9, 2019, Defendant answered Plaintiff's amended complaint and asserted her own counterclaims. (Dkt. No. 1, ¶ 1.) The following day, on September 10, 2019, Plaintiff filed a lis pendens, asserting ownership over the real property that is the subject of the underlying claims. (Sosa Decl., Ex. 5.) Defendant then removed the action to this Court based on diversity jurisdiction, filing separate actions for each property, under case numbers C19-1443 MJP and C19-5905 MJP. Plaintiff has now moved to remand the cases to King County Superior Court.

**Discussion**

**I.  Plaintiff's Motion to Remand**

Plaintiff argues the Court lacks subject matter jurisdiction and that removal was untimely. (Dkt. No. 16.) Plaintiff is also seeking attorney fees and costs. (Id. at 9-10.) The removal

statute is strictly construed against removal jurisdiction, and the "strong presumption" against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper. Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (citations omitted).

**A. Removal**

1. Subject matter jurisdiction

Plaintiff first argues that the Court lacks subject matter jurisdiction because the prior exclusive jurisdiction doctrine bars this Court from exercising jurisdiction over the properties at issue when the Superior Court has already exercised jurisdiction over the same properties. (Dkt. No. 16 at 7.) But "[t]he doctrine of prior exclusive jurisdiction applies to a federal court's jurisdiction over property only if a state court . . . retains [] jurisdiction in a separate, concurrent proceeding." Sexton v. NDEX W., LLC, 713 F.3d 533, 537 (9th Cir. 2013) (emphasis added). The Superior Court has not done so here. 28 U.S.C. § 1446(d) ("after the filing of [a] notice of removal . . . the State court shall proceed no further unless and until the case is remanded."). Because Plaintiff has not identified any concurrent proceeding with jurisdiction over the properties, the Court finds that the prior exclusive jurisdiction doctrine does not apply here.

2. Timeliness

Plaintiff also argues that removal was untimely, occurring 74 days after service of the original complaint and 43 days after service of the amended complaint. (Dkt. No. 16 at 8 (citing Sosa Decl., Ex. Nos. 4, 6).) The Court agrees. Federal law requires removal to be made within 30 days of receipt of an initial pleading "setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b). If the action is not removable based on the initial pleadings, the removal is proper if commenced within "thirty days after receipt by the defendant

. . . of a copy of an amended pleading, motion, order or other pleading from which it may first be ascertained that the case is one which is or has become removable." Id.

The original complaint asserted claims for partition and quiet title over two properties, described in the complaint as collectively worth $199,000.00 (Sosa Decl., Ex. 3, ¶¶2.5 2.6), but Defendant claims it was not until she received the lis pendens—which did not list the price of the properties at all—that she realized Plaintiff "claimed ownership of the entirety of the King County properties" and understood that the controversy concerned "a property worth more than $75,000." (Dkt. No. 22 at 2, 4.) The lis pendens was clearly not Defendant's first opportunity to ascertain that this matter was removable, 28 U.S.C. § 1446(b), as the original complaint contained all the information (and more) that Defendant now claims was only apparent from the lis pendens. Removal was therefore untimely, and Plaintiff's Motion for Remand is GRANTED.

**B. Attorney Fees**

Plaintiff seeks an award of attorney's fees pursuant to 28 U.S.C. § 1447(c). (Dkt. No. 17.) "[A]bsent unusual circumstances, attorney's fees should not be awarded when the removing party has an objectively reasonable basis for removal." Martin v. Franklin Capital Corp., 546 U.S. 132, 136 (2005). "Conversely, when an objectively reasonable basis exists, fees should be denied." Id. "[R]emoval is not objectively unreasonable solely because the removing party's arguments lack merit, or else attorney's fees would always be awarded whenever remand is granted." Lussier v. Dollar Tree Stores, Inc., 518 F.3d 1062, 1065 (9th Cir. 2008).

As discussed above, the Court finds Defendant's argument regarding the timing of removal unpersuasive. But the amount in controversy and diversity of the parties satisfy the diversity statute (see Sosa Decl., Ex. 3, ¶¶2.5 2.6), and Defendant therefore had a reasonable ground for removal, if not a timely one. Plaintiff's Motion for Attorney's Fees is DENIED.

**Conclusion**

For the foregoing reasons, the Court GRANTS Plaintiff's Motion for Remand and REMANDS this case to King County Superior Court for all further proceedings. Plaintiff's request for attorney's fees is DENIED.

The clerk is ordered to provide copies of this order to all counsel.

Dated November 14, 2019.

Marsha J. Pechman
United States District Judge